IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY HENDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-09-955-F |
| ) | |
| DIRECTOR JUSTIN JONES, ) | |
| OKLAHOMA DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Respondent. ) | |

**<u>REPORT AND RECOMMENDATION</u>**

The Petitioner, Mr. Jimmy Henderson, is an Oklahoma prisoner who was convicted of disciplinary charges while in prison.[1] He filed an administrative appeal,[2] and the Oklahoma Department of Corrections ("DOC") twice returned his documents based on procedural irregularities.[3] Unable to obtain administrative relief, Mr. Henderson seeks a writ of habeas corpus based on two claims: (1) The DOC failed to carry out its own policies; and (2) the state judicial remedy is inadequate. The Respondent urges dismissal, arguing in part

---

[1] While incarcerated, Mr. Henderson was found guilty of "Battery of a Staff Member with Physical Contact Which Results in Bodily Harm." Respondent's Motion to Dismiss Writ of Habeas Corpus with Brief in Support, Exhibit 2 at p. 15 (Sept. 11, 2009) ("Motion to Dismiss").

[2] Motion to Dismiss, Exhibit 3.

[3] Motion to Dismiss, Exhibits 4-5.

that the DOC's internal policies do not constitute "law" of the sort required for federal habeas relief. The Respondent is correct and the defect is fatal to both habeas claims.[4]

I.      The Petitioner's First Claim: Failure to Carry Out DOC Policies

A writ of habeas corpus is available only when a state official has violated the federal constitution, a federal statute, or a federal treaty.[5] A "DOC policy" is none of these things. Thus, a violation of DOC policy would not entitle Mr. Henderson to habeas relief.

The Court must assess the habeas claim based on a two-part test: (1) whether a liberty interest is at stake;[6] and (2) if so, what process is "due" to Mr. Henderson.[7]

---

[4]     In his response to the motion to dismiss, the Petitioner alleges a failure to provide protection from physical harm. Petitioner's Motion to Oppose Respondent's Motion to Dismiss with Brief in Support, *passim* (Sept. 23, 2009). But the Court need not address these allegations because they would not be cognizable in an action for habeas relief. *See Wiley v. Holt*, 42 Fed. Appx. 399, 400 (10th Cir. July 15, 2002) (unpublished op.) (affirming dismissal of a habeas petition because the petitioner's claims had implicated the Eighth Amendment and should have been asserted in a civil rights action); *Garcia-Bermudez v. Brooks*, 153 F.3d 727, 1998 WL 427013, Westlaw op. at 1 (10th Cir. July 21, 1998) (unpublished op.) (claims for deliberate indifference under the Eighth Amendment "are not grounds for habeas relief"). The Court should decline to recharacterize the action as one arising under Section 1983, as such treatment could result in a larger filing fee for Mr. Henderson and impair future eligibility for pauper status if the claim were to be dismissed. *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (future eligibility for pauper status); 28 U.S.C. § 1914(a) (greater filing fee for civil rights actions than for habeas relief); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (concluding that a *pro se* request for habeas relief should not be recharacterized to a civil rights claim).

[5]     *See* 28 U.S.C. § 2241(c)(3).

[6]     *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) ("Procedural due process is only available to plaintiffs that establish the existence of a recognized property or liberty interest." (citation omitted)).

[7]     *See Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (addressing "what process is due" an inmate in light of the establishment of a liberty interest).

The first question is easily answered in the affirmative, as authorities took earned credits from Mr. Henderson and extended his incarceration as a result.[8] As a result, a liberty interest is at stake.[9]

The second question is answered just as easily in the negative. Because a liberty interest is at stake, Mr. Henderson is entitled to due process in his disciplinary proceedings.[10] But "[w]here a liberty . . . interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations."[11]

The required process is limited to five procedural guarantees. Three were expressly recognized by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974): (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. A fourth constitutional entitlement, consideration by an impartial decision-maker, was implied in *Wolff*.[12] Finally, in *Superintendent, Massachusetts Correctional Institution*

---

[8] *See* Motion to Dismiss, Exhibit 2 at p. 15.

[9] *See Taylor v. Wallace*, 931 F.2d 698, 700 (10th Cir. 1991) (stating that under "settled principle[s]," "an inmate's liberty interest in his earned good time credits cannot be denied" without the minimal safeguards under the Fourteenth Amendment's Due Process Clause).

[10] *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[11] *Brown v. Rios*, 196 Fed. Appx. 681, 683 (10th Cir. Sept. 18, 2006) (unpublished op.) (citations omitted).

[12] *See Surprenant v. Rivas*, 424 F.3d 5, 16 (1st Cir. 2005) ("The *Wolff* Court . . . implied the obvious: that the essence of a fair hearing is an impartial decision-maker." (citation omitted)); *see also White v. Indiana Parole Board*, 266 F.3d 759, 767 (7th Cir. 2001) ("*Wolff* holds that prisoners

*v. Hill*, 472 U.S. 445, 454 (1985), the Supreme Court added a fifth constitutional guarantee, stating that a disciplinary conviction must be supported by the existence of at least "some evidence."

Mr. Henderson does not claim a failure to provide any of these guarantees. Instead, Mr. Henderson claims a procedural violation in the disciplinary appeal through a failure to provide a written response to his administrative complaints. Such a defect would not have implicated any of the five constitutional entitlements for disciplinary proceedings. As a result, the alleged departure from DOC policy would not violate the federal constitution, a federal statute, or a federal treaty. *See supra* p. 2.[13] In the absence of a violation of federally

---

are entitled to impartial decisionmakers" (citations omitted)); *Woodson v. Lack*, 865 F.2d 107, 109 (6th Cir. 1989) (stating that *Wolff* required "a decision by an impartial tribunal" (citation omitted)); *cf. Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) ("in order to comport with due process, . . . the decisionmaker must be impartial" (citations omitted)).

[13]  The Tenth Circuit Court of Appeals has reached a similar conclusion in numerous unpublished opinions. *See*, *e.g.*, *Godlock v. Fatkin*, 84 Fed. Appx. 24, 30 (10th Cir. Dec. 16, 2003) (unpublished op.) ("Petitioner does not have a cognizable claim for federal habeas relief based solely on the failure of [the correctional facility] to follow particular regulations and directives [in the course of his disciplinary proceedings]."); *Kirkland v. Provience*, 60 F.3d 837, 1995 WL 377088, Westlaw op. 7 (10th Cir. Feb. 2, 1995) (unpublished op.) (stating that DOC regulations governing disciplinary proceedings do not generally create a liberty interest in strict enforcement of the rules and that a failure to comply with the regulations does not result in a deprivation of due process).

One Tenth Circuit opinion - *Blum v. Federal Bureau of Prisons*, 189 F.3d 477, 1999 WL 638232 (10th Cir. Aug. 23, 1999) (unpublished op.) - appears to take a different approach. But this decision is not governing and is not persuasive.

In *Blum*, the petitioner sought habeas relief in part based on prison officials' deviation from their own regulations. *See Blum v. Federal Bureau of Prisons*, 1999 WL 638232, Westlaw op. at 4. The district court rejected the argument based on the absence of any allegation involving a denial of the protections afforded in *Wolff v. McDonnell*. *See id.*, 1999 WL 638232, Westlaw op. at 5. In dictum, the Tenth Circuit Court of Appeals stated that "*Wolff* does not necessarily dispose of [the petitioner's] claim, because *Wolff* only addressed . . . whether certain statutes and regulations, which

guaranteed rights, the DOC's alleged failure to provide a written response to the disciplinary appeal would not justify federal habeas relief.[14]

---

were complied with, violated the Due Process Clause" and that "*Wolff* did not address whether a due process claim arises when an agency *violates* its own regulations." *Id.* (citations omitted; emphasis in original).

       The court appeared to rely on the approach taken in *Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir. 1996). *See id*. In *Mitchell*, the court had separately analyzed whether prison officials had violated an internal regulation which would have required an impartial decision-maker in disciplinary proceedings. *Mitchell v. Maynard*, 80 F.3d 1433, 1445-46 (10th Cir. 1996). Impartiality was material because *Wolff* had implied the necessity of a neutral decision-maker. *See supra* p. 3. This implication, in turn, suggested the importance of the regulation in *Mitchell* because it served as a safeguard for neutrality in the decision-making process. *See Mitchell v. Maynard*, 80 F.3d at 1446 ("Our concern with this issue [compliance with prison policies and regulations] is whether [the hearing officer's] involvement [in the underlying incident] prevented [the inmate plaintiff] from a meaningful opportunity to be heard." (citation omitted)).

       In *Blum*, the Tenth Circuit Court of Appeals disregarded the *Mitchell* court's focus on impartiality in the decision-making process and misconceived the reason for the language on compliance with an agency's own regulations. *Blum* is not binding because it was unpublished dictum and is less persuasive than the numerous Tenth Circuit opinions holding the opposite. *See* Tenth Cir. R. 32.1(A) (stating that "[u]npublished decisions are not precedential"); *Bates v. Department of Corrections*, 81 F.3d 1008, 1011 (10th Cir. 1996) (stating that a panel opinion's prior dicta is not binding).

[14]    *See Lowe v. Sockey*, 36 Fed. Appx. 353, 360 (10th Cir. Apr. 2, 2002) (unpublished op.) (officials' failure to respond to a disciplinary appeal does not constitute a due process violation because an appeal is not constitutionally required); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (alleged deficiency in a disciplinary appeal does not implicate a protected liberty interest "because inmates lack a separate constitutional entitlement to a specific prison grievance procedure" (citation omitted)).

5

II.   The Petitioner's Second Claim: A Purported Shortcoming in the State Judicial Remedy

The logical consequence of this ruling would also require dismissal of the Petitioner's second habeas claim. There Mr. Henderson complains about the limited scope of the state judicial remedy in Okla. Stat. tit. 57 § 564.1. Under this law, the State of Oklahoma restricts the state district court to a due process review based on the Supreme Court's decisions in *Wolff v. McDonnell* and *Superintendent, Massachusetts Correctional Institution v. Hill*.[15]

According to the Petitioner, the Oklahoma statute left him without an opportunity to complain in state court about the DOC's lack of a written response. He is correct, as the state's mechanism for judicial review is limited to the constitutional entitlements to due process and does not include consideration of the DOC's departure from its internal policies. Still, the question for habeas review is whether the Petitioner has suffered a violation of the federal constitution, a federal law, or a federal treaty.[16]

Obviously, the state judicial process does not run afoul of a federal law or federal treaty. As a result, the only possible question is whether Okla. Stat. tit. 57 § 564.1 creates a violation of the procedural safeguards that it was designed to protect. To ask the question is to answer it, as the state judicial remedy expressly provides the procedural safeguards guaranteed under *Wolff* and *Superintendent*.[17] These guarantees do not include a written

---

[15]   *See* Okla. Stat. tit. 57 § 564.1(D); *see also supra* pp. 3-4 (discussing *Wolff v. McDonnell* and *Superintendent, Massachusetts Correctional Institution v. Hill*).

[16]   *See supra* p. 2.

[17]   *See Robinson v. Jones*, Case No. CIV-09-598-C, slip op. at 4 (W.D. Okla. Aug. 31, 2009) (unpublished report and recommendation by magistrate judge) (stating that "[t]he due process review afforded by [Okla. Stat. tit. 57 § 564.1] mirrors the federal constitutional requirements set

response by DOC officials in an administrative appeal.[18] *A fortiori*, the limited scope of Section 564.1 cannot create a deprivation of due process and the Petitioner's challenge to the state judicial remedy is self-defeating.

III.  Recommendation and Notice of the Right to Object

The Court should grant the Respondent's motion to dismiss.

The parties may seek review by filing an objection with the Clerk of this Court.[19] The deadline for objections is December 7, 2009.[20] The failure to timely object would foreclose appellate review of the suggested ruling.[21]

---

forth by the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974)" (citation omitted)), *adopted* (W.D. Okla. Sept. 28, 2009) (unpublished order by district judge); *Terry v. Jones*, 2008 WL 4362399, Westlaw op. at 2 (W.D. Okla. June 26, 2008) (unpublished report and recommendation by magistrate judge) (stating that "[Okla. Stat. tit. 57] § 564.1 provides for judicial review of a prison disciplinary proceeding consistent with the due process requirements set forth by the United States Supreme Court in *Wolff v. McDonnell*"), *adopted*, 2008 WL 4362399, Westlaw op. at 1 (W.D. Okla. Sept. 17, 2008) (unpublished order by district judge), *appeal dismissed*, 327 Fed. Appx. 65 (10th Cir. May 1, 2009) (unpublished op.); *accord Hicks v. Jones*, 2009 WL 3233748, Westlaw op. at 2 (E.D. Okla. Sept. 30, 2009) (unpublished op.) (stating that "the procedure for judicial review of prison disciplinary hearing [under Okla. Stat. tit. 57 § 564.1] is consistent with the due process requirements of *Wolff*").

[18]   *See supra* pp. 2-5.

[19]   *See* 28 U.S.C. § 636(b)(1).

[20]   *See* W.D. Okla. LCvR 72.1.

[21]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

IV. <u>Status of the Referral</u>

The referral is terminated.

Entered this 17th day of November, 2009.

_____
Robert E. Bacharach
United States Magistrate Judge